## Stetson vs. Veazie.

The mere enjoyment of an easement, being the exercise of a *right*, cannot amount to *a disseizin* of the owner of the land to which the easement is annexed.

Where one having an easement in the land of another bounded upon a river, consisting of a right to land upon the shore and flats with boats, rafts, &c. enclosed the flats with a boom which rested upon them when the tide was out, claiming said shore and flats as his own, it would constitute a disseizin of the true owner; — but such act continuing for *one year* only, connected with the use of the easement *afterward*, could not be regarded as a *continuance of the disseizin* after the boom had been removed.

THIS was a petition for partition of certain flats in *Bangor*, against persons unknown. *Veazie*, the respondent appeared and contested the seizin of the petitioner in a part of the land of which partition was prayed, claiming to be sole seised of that part — and upon a traverse of the seizin of the petitioner as alleged, issue was joined.

It appeared on trial before *Weston J.* that on the 23d of *August*, 1803, one *McGlathery* conveyed by deed, the upland, contiguous to which were the flats in controversy, with " *all the privileges thereunto belonging as well by water as by land.*" Which privilege, it was admitted, was that of using the water and shore for the purpose of landing boats, lumber, &c. *Wilder* held the land till *May*, 1809, when all his rights passed to the defendant by purchase.

To prove that *Wilder* disseised *Stetson* of his interest prior to *July*, 1806, the respondent called said *Wilder*, who testified, that he occupied the land and water in his own right — that he used the shore as a landing as he had occasion, for the deposit of lumber and for other purposes — that he used also the waters next the shore for his rafts, and that in 1804, he had a boom along the whole shore, to secure his lumber, which rested upon the flats, when the tide was out. That he considered he had the whole title there, and that no other person had any interest in said property, believing that such were the legal rights he derived from his deed; but upon being inquired of, said that he had no intention to invade or appropriate to his use, the property of others. He

further testified, that on one occasion while he occupied, in conversing with *Stetson* in relation to his purchase of *McGlathery*, *Stetson* said, that he, *Wilder*, had a legal but not a moral right. *Stetson's* right to partition was admitted, subject to the easement aforesaid in the owner of the adjoining upland, unless it had been lost by the operation of the statute of limitations. It was also admitted, that the petitioner made an entry into the premises in *July*, 1826.

On this evidence the jury found, that *Wilder* disseised *Stetson* of his interest, and upon that ground returned their verdict for the respondent — which the petitioner moved to have set aside and a new trial granted, as against law and evidence.

*Rogers* and *Starrett*, for the petitioner, maintained that there was no sufficient evidence of *a disseizin*, and cited the following authorities : *Pray* v. *Peirce*, 7 *Mass*. 381 ; *Stearns on Real Actions*, 7 ; *Poignard* v. *Smith*, 8 *Pick*. 272 ; *Little* v. *Libbey*, 2 *Greenl*. 242 ; *Brown* v. *Gay*, 3 *Greenl*. 126 ; 1 *Salkeld*, 246 ; 6 *Johns*. 197 ; 4 *Kent's Com*. 482 ; 5 *Pick*. 138 ; *Shumway* v. *Holbrook*, 1 *Pick*. 114 ; *Barnard* v. *Pope*, 14 *Mass*. 434 ; 9 *Johns*. 163 ; 4 *Kent's Com*. 487, 488.

*Allen* and *Abbot*, for the respondent, contended, that the disseizin of the petitioner by *Wilder*, was fully proved. The same possession could not be expected of this property, from the nature of it, as of high lands — it being flats covered with water half the time. The acts of ownership were all that could be expected — he, *Wilder*, could not fence it — nor could he well do more than he did, unless he had covered it with a wharf. The possession was sufficient to give notice to every one of his claim. It commenced in 1804, and therefore in 1826, the plaintiff's right of entry, when he attempted to exercise it, was gone. Of the whole evidence it was the province of the jury to judge, and their verdict ought not to be disturbed. *Propr. Ken. Pur.* v. *Labaree*, 2 *Greenl*. 281 ; *Boston Mill Corp.* v. *Bulfinch*, 6 *Mass*. 229 ; *Stearns on Real Actions*, 11 ; *Spring* v. *Cutts*, 15 *Mass*. 135.

MELLEN C. J. — This is a petition for partition of certain flats in *Bangor*, and the defence before the jury was, that it was not

maintainable, inasmuch as the petitioner was not seised at any time within twenty years next before filing the petition, but that *prior* to *July*, 1806, he was disseised by *Luke Wilder*. It is admitted, though not stated in the report of the evidence, that in *July*, 1826, the petitioner made an entry into said premises ; but it is contended that at that time he had no right of entry, having been disseised more than twenty years before that time, and that the disseizin has continued ever since. The jury returned their verdict in favor of the respondent, and the motion before us is, that it may be set aside as against law and evidence. It is admitted that the title to the flats, asserted in the petition, is in the petitioner, unless he has lost it by the operation of the statute of limitations, subject however, to an easement belonging to the *owner* of the adjoining upland, in virtue of which he had the use of the water for the purpose of landing boats, lumber, &c. &c. In *July*, 1806, and prior to that time, *Luke Wilder*, was owner of the adjoining upland. The mere enjoyment of an easement, being the exercise of a *right*, cannot amount to a *disseizin* of the owner of the land to which the easement is annexed ; for a disseizin is of itself a *wrong* ; nor is it any bar to the maintenance of a writ of entry, by the owner of a piece of land, that the tenant is entitled to an *easement* in it. The title to the *fee* and to the *easement* are not in any manner incompatible.

Most of the acts done by *Wilder*, which are relied on as proof of the alleged disseizin, are not inconsistent with the easement to which he was entitled ; such as using the shore, when he had occasion, as a place of landing for his rafts, and other similar purposes ; and the enjoyment of such a privilege would give no notice of any disposition to disturb the legal rights of the owner of the flats. Besides, it does not appear that any acts which he did, inconsistent with his easement, except placing the boom along the whole shore, were of an *exclusive* character ; whereas the very idea of a disseizin is, that by means of it, all others are excluded by the disseisor, by his *actual* possession or *constructive* possession under a recorded deed. See *Pro. Ken. Purchase* v. *Labaree*, and cases there cited. The act of *Wilder* in placing the boom along the whole shore or flats, seems to have been of a different and more decisive character ; and according to some of

the cases cited by the counsel for the respondent, while it remained, we are inclined to consider as amounting to a disseizin : but that was placed there in 1804 ; and it does not appear by the report of the evidence that it remained there after that year ; indeed, it is not contended that it did. Its *legal effect* ceased when it was *discontinued.* We are not to indulge in presumptions in favor of those who found their defence upon *rights* which are contended to have become established, though confessedly originating in wrong. We do not place any particular reliance on the declarations of *Wilder,* that he had no intention to invade or appropriate to his use the property of others ; the case does not seem to require it. On view of all the facts in this case, we see no evidence that the petitioner was disseised in 1806 ; the facts before the jury do not in law constitute a disseizin. It is not a case of contradictory evidence, but a failure of proof on the part of the respondent to establish the defence on which he relies. The result is, that the verdict must be set aside and a new trial granted.